| | |
|---|---|
| District Court, Arapahoe County<br>18th Judicial District<br><br>Arapahoe County Justice Center<br>7325 S. Potomac St.<br>Centennial, CO 80112<br>(303)649-6355<br><br>Robert R. Guerra; and,<br>Sheryl A. Guerra<br><br>v.<br>Bank of America, N.A.;<br>Experian Information Solutions, Inc.;<br>Equifax Information Services, LLC; and,<br>Trans Union, LLC | DATE FILED: February 23, 2016 2:01 PM<br>FILING ID: D4A2E233F673E<br>CASE NUMBER: 2016CV30436<br><br><br>**COURT USE ONLY** |
| Eric R. Coakley, CO Bar 34238<br>Catherine Krol, CO Bar 35057<br>CoakleyKrol, LLC<br>2373 Central Park Blvd. - Suite 100<br>Denver, CO 80238<br>Tel. 303.803.1611<br>coakley@CoakleyKrol.com | Case Number:<br><br><br><br><br>Division:   Courtroom: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiffs Robert and Sheryl Guerra, through their counsel CoakleyKrol, LLC, hereby submit their Complaint and Jury Demand, as follows:

### PARTIES

1. Plaintiffs Robert and Sheryl Guerra are residents of Centenial, Colorado who reside at 8632 E. Briarwood Blvd., Centennial, Colorado, 80112.

2. Defendant Bank of America, N.A. ("B of A") is a national bank that does business at numerous locations throughout Colorado and the United States. Bank of America is not a citizen of Colorado, and does not appear to be registered with the Secretary of State.

3. Defendant Experian Information Solutions, Inc. is located at 475 Anton Boulevard, Costa Mesa, CA 92626.

4. Defendant Equifax Information Services, LLC is located at 1550 Peachtree St. NW, Atlanta, GA 30309. This limited liability corporation may or may not have members located in Colorado.

5. Defendant Trans Union, LLC is located at 555 W. Adams St., Chicago, IL 60661. This limited liability corporation may or may not have members located in Colorado.

**JURISDICTION AND VENUE**

6. Jurisdiction is proper in this Court pursuant to C.R.S. § 13-1-124 because Plaintiffs reside in Colorado and all actions described herein were directed at Plaintiffs in the State of Colorado.

7. Venue is proper before this Court pursuant to C.R.C.P. 98 because Plaintiffs reside within Arapahoe County.

**GENERAL ALLEGATIONS**

8. In or about December of 2012, Defendant Bank of America instructed the Guerras to stop making payments on their home loan so that they could qualify for a loan modification. They never made a late payment prior to this request.

9. Bank of America was unable to modify the loan and the Guerra's arranged for a short sale - a sale for less than the balance due on the loan - which was to be completed by October 17, 2013. B of A, however, was unable to process the short sale in time.

10. B of A thereafter induced Plaintiffs into paying off the loan by simply deeding the home to B of A, in what is otherwise known as a "deed in lieu".

11. In order to induce the Guerras to agree to the deed in lieu, Defendant B of A promised, in writing, that there would not be any negative credit reporting on Plaintiffs' credit report and it would instead institute a "credit block".

12. The Guerras relied on the representation that B of A would put a "credit block" on the account by agreeing to grant a deed in lieu and not pursuing other avenues that may have been more financially beneficial and/or would have allowed a quicker recovery of their credit scores.

13. In March of 2015, after the Guerras granted the deed in lieu, Defendant B of A informed the Guerras that it would make a negative credit report and that there was in fact no such thing as a "credit block".

14. Between November 30th and December 4, 2015 the Guerras sent notices of credit dispute to Defendants Experian, Equifax, and TransUnion.

15. Between December 4, 2015 and December 9, 2015, Defendants Experian, Equifax and Trans Union responded, but failed to fix the negative credit reporting.

16. As a result of the negative credit reporting, the Guerras have been denied credit and suffered damages.

## FIRST CLAIM FOR RELIEF
(Fraudulent Representation - B of A)

17. The Guerras incorporate all other paragraphs of this Complaint herein.

18. Defendant B of A, through its representative Glen Kilmnick intentionally made misrepresentations that there would be no negative credit reporting, referred to as a "credit block" if the Guerra's agreed to deed their property to B of A to pay off their mortgage loan.

19. Mr. Kilmnick and B of A confirmed this arrangement in writing in e-mails sent on March 19, 2015.

20. At the time the misrepresentation was made, B of A and Mr. Kilmnick knew or should have known this representation was false.

21. The representation was material because the Guerras would not have agreed to deed their home absent this representation.

22. B of A made that representation in the course of its business.

23. The Guerras reasonably relied on those representations by deeding their home to B of A and foregoing other options that would have been more beneficial to their credit standing.

24. As a result, the Guerras suffered damages.

## SECOND CLAIM FOR RELIEF
(Negligent Misrepresentation - B of A)

25. The Guerras incorporate all other paragraphs of this Complaint herein.

26. Defendant B of A, through its representative Glen Kilmnick intentionally made misrepresentations that there would be no negative credit reporting, referred to as a "credit block", if the Guerra's agreed to deed their property to B of A to pay off their mortgage loan.

27. Mr. Kilmnick and B of A confirmed this arrangement in writing in e-mails sent on March 19, 2015.

28. At the time the misrepresentation was made, B of A and Mr. Kilmnick knew or should have known this representation was false.

29. The representation was material because the Guerras would not have agreed to deed their home absent this representation.

30. B of A made that representation in the course of its business.

31. The Guerras reasonably relied on those representations by deeding their home to B of A and foregoing other options that would have been more beneficial to their credit standing.

32. As a result, the Guerras suffered damages.

**THIRD CLAIM FOR RELIEF**
(Alternative - Breach of Contract)

33. The Guerras incorporate all other paragraphs of this Complaint as if fully set forth herein.

34. In the event the Guerra's claims for fraudulent and/or negligent representation do not sound in tort, the Guerra's assert their claims under contract law.

35. Defendant B of A, through its representative Glen Kilmnick entered into an agreement with the Guerras that there would be no negative credit reporting, referred to as a "credit block" if the Guerra's agreed to deed their property to B of A to pay off their mortgage loan.

36. Mr. Kilmnick and B of A confirmed this arrangement in writing in e-mails sent on or about March 19, 2015.

37. B of A breached this agreement by making negative reports on the Guerra's credit report after the Guerra's performed their part of the agreement.

38. As a result, the Guerras suffered damages.

**FOURTH CLAIM FOR RELIEF**
(Fair Credit Reporting Act - B of A)

39. The Guerras incorporate all other paragraphs of this Complaint as if fully set forth herein.

40. B of A violated 15 U.S.C. 1681s-2(b) by failing to conduct a reasonable investigation into Plaintiffs' dispute, failing to review all relevant information provided to it by the credit reporting agencies, and by failing to delete the inaccurate trade line after it could not be verified as correct.

41. B of A's violations of the FCRA were a cause of the Plaintiffs' actual damages, including reduction in credit score, having false and misleading information on their credit report, harm to reputation, stress, and worry.

42. The B of A credit reporting was a substantial factor in Plaintiffs' loan application(s) being denied.

43. B of A's violations of the FCRA were negligent, thus entitling Plaintiffs to actual damages, plus attorney fees and costs.

### FIFTH CLAIM FOR RELIEF
(Fair Credit Reporting Act - Experian)

44. The Guerras incorporate all other paragraphs of this Complaint as if fully set forth herein.

45. Experian violated 15 U.S.C. 1681e(b) by failing to maintain procedures to ensure the maximum possible accuracy on Plaintiffs' credit reports.

46. Experian violated 15 U.S.C. 1681i by failing to conduct a reasonable reinvestigation into Plaintiffs' dispute, by failing to delete the inaccurate information from Plaintiffs' credit file after it could not be verified, by failing to properly review and consider Plaintiffs' dispute and all relevant information, and by failing to forward all relevant information to the data furnisher, Bank of America.

47. Experian's violations of the FCRA were a cause of the Plaintiffs' actual damages, including reduction in credit score, having false and misleading information on their credit reports, harm to reputation, stress, and worry. Plaintiffs also believe that the B of A trade line was a substantial factor in Plaintiffs' loan application(s) being denied after Experian's reinvestigation took place.

48. Experian's violations of the FCRA were negligent, thus entitling Plaintiffs to actual damages, plus attorney fees and costs.

### SIXTH CLAIM FOR RELIEF
(Fair Credit Reporting Act - Equifax)

49. The Guerras incorporate all other paragraphs of this Complaint as if fully set forth herein.

50. Equifax violated 15 U.S.C. 1681e(b) by failing to maintain procedures to ensure the maximum possible accuracy on Plaintiffs' credit reports.

51. Equifax violated 15 U.S.C. 1681i by failing to conduct a reasonable reinvestigation into Plaintiffs' dispute, by failing to delete the inaccurate information from Plaintiffs' credit file after it could not be verified, by failing to properly review and consider Plaintiffs' dispute and all relevant information, and by failing to forward all relevant information to the data furnisher, B of A.

52. Equifax's violations of the FCRA were a cause of the Plaintiffs' actual damages, including reduction in their credit score, having false and misleading information on his credit report, harm to reputation, stress, and worry. Plaintiffs also believe that the B of A trade line was a substantial factor in Plaintiffs' loan application(s) being denied after Trans Union's reinvestigation took place.

53. Equifax's violations of the FCRA were negligent, thus entitling Plaintiffs to actual damages, plus attorney fees and costs.

### FOURTH CLAIM FOR RELIEF
(Fair Credit Reporting Act - Trans Union)

54. The Guerras incorporate all other paragraphs of this Complaint as if fully set forth herein.

55. Trans Union violated 15 U.S.C. 1681e(b) by failing to maintain procedures to ensure the maximum possible accuracy on Plaintiffs' credit reports.

56. Trans Union violated 15 U.S.C. 1681i by failing to conduct a reasonable reinvestigation into Plaintiffs' dispute, by failing to delete the inaccurate information from Plaintiffs' credit file after it could not be verified, by failing to properly review and consider Plaintiffs' dispute and all relevant information, and by failing to forward all relevant information to the data furnisher, B of A.

57. Trans Union's violations of the FCRA were a cause of the Plaintiffs' actual damages, including reduction in credit score, having false and misleading information on their credit report, harm to reputation, stress, and worry. Plaintiffs also believe that the B of A trade line was a substantial factor in Plaintiffs' loan application(s) being denied after Trans Union's reinvestigation took place.

58. Trans Union's violations of the FCRA were negligent, thus entitling Plaintiffs to actual damages, plus attorney fees and costs.

## JURY DEMAND

The Guerras demand their claims be tried to a jury.

WHEREFORE, Plaintiffs Robert and Sheryl Guerra respectfully request judgment be entered in their favor and an award of statutory and actual damages, punitive damages, costs and attorney fees, and for any other relief the Court deems just under the circumstances.

Dated this 23rd day of February, 2016.

**CoakleyKrol, LLC**

*s/Eric R. Coakley*

_____

Eric R. Coakley